## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-43** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **REYNALDO RIVERA-CRUZ,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

The court sentenced defendant Reynaldo Rivera-Cruz ("Rivera-Cruz") to 188 months' imprisonment after he pled guilty to possession with intent to manufacture and distribute cocaine. (Doc. 49). Presently before the court is Rivera-Cruz's *pro se* motion (Doc. 62) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as well as his motion (Doc. 68) to appoint counsel. Rivera-Cruz asserts that he is entitled to resentencing following the Supreme Court of the United States' decision in Mathis v. United States, 579 U.S.__, 136 S. Ct. 2243 (2016). The court will deny Rivera-Cruz's § 2255 motion as untimely and will deny his motion to appoint counsel as moot.

## I.     Factual Background & Procedural History

On February 8, 2006, Rivera-Cruz pled guilty to one count of possession with intent to manufacture and distribute cocaine in violation of 21 U.S.C. § 841(a)(1) pursuant to a written plea agreement. (See Docs. 1, 3, 9). The probation office subsequently prepared a pre-sentence report ("PSR") for sentencing. The PSR originally calculated Rivera-Cruz's total offense level as 34. (PSR ¶ 20). The PSR also concluded that Rivera-Cruz's criminal history category was VI upon deciding

that Rivera-Cruz was a career offender, as he had been convicted of several drug trafficking crimes in Pennsylvania state courts. (Id. ¶ 29). In a second addendum to the PSR, the probation office noted that Rivera-Cruz failed to appear for his initial sentencing date. (Second Addendum at 2). The probation office thereafter updated the PSR to reflect a two-level increase to the total offense level for obstruction of justice, bringing Rivera-Cruz's total offense level to 36 and the Guidelines sentencing range to 324 to 405 months. (Id. at 3-4). With the overlay of a 20-year statutory maximum term of imprisonment, Rivera-Cruz's Guidelines sentence became 240 months. (Id. at 4).

The court adopted the PSR in its entirety at sentencing. (Doc. 54 at 71:11-13). We also granted the government's motion for a downward departure and reduced Rivera-Cruz's offense level to 31, resulting in a Guideline range of 188 to 235 months. (Id. at 74:20-75:5, 77:11-24). The court sentenced Rivera-Cruz to 188 months' imprisonment. (Doc. 49). On November 12, 2010, the United States Court of Appeals for the Third Circuit affirmed Rivera-Cruz's conviction and sentence on direct appeal. United States v. Rivera-Cruz, 401 F. App'x 677 (3d Cir. 2010). Rivera-Cruz did not petition for *certiorari*.

Rivera-Cruz filed the instant § 2255 motion on October 18, 2016, over six years after the Third Circuit decided his direct appeal. (Doc. 62). The court ordered the government to file a response to Rivera-Cruz's motion and specifically directed that the government address the timeliness of the motion as well as the retroactive nature of the Supreme Court's decision in Mathis. (Doc. 63). Rivera-

Cruz also moved for appointment of counsel on February 2, 2017. (Doc. 68). The motions are fully briefed and ripe for disposition.

## II.     **Legal Standard**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under § 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a); see also R. GOVERNING § 2255 CASES R.1(a). The statute provides that, as a remedy for an unlawfully-imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a § 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

## III.     **Discussion**

Rivera-Cruz contends that the Supreme Court's recent decision in Mathis invalidates his sentence. (See generally Doc. 62-1). He specifically argues that, under Mathis, the court erroneously relied upon Pennsylvania state convictions to establish his career offender status. (Id. at 12-13). Rivera-Cruz filed the instant motion over a year after his conviction became final. The motion is accordingly

untimely unless Rivera-Cruz can prove that it falls within an exception to the general one-year limitation period. See 28 U.S.C. § 2255(f). Rivera-Cruz asserts that Mathis retroactively applies to his conviction pursuant to Teague v. Lane, 489 U.S. 288 (1989), and that his motion is accordingly timely under 28 U.S.C. § 2255(f)(3). (Doc. 62-1 at 3-12, 16-22).

28 U.S.C. § 2255(f)(3) provides that the one-year limitations period for § 2255 motions runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court announces a new rule when it imposes obligations on the government that were not imposed at the time a defendant's conviction became final. Teague, 489 U.S. at 307. Supreme Court decisions do not announce new rules when they merely apply existing precedent in a novel factual scenario. Id. (citations omitted). New rules announced by the Supreme Court are retroactively applicable to final convictions "only in limited circumstances." Schriro v. Summerlin, 542 U.S. 348, 351 (2004). Settled or "old" rules apply retroactively on collateral review. Chaidez v. United States, 568 U.S. 342, 347 (2013).

The United States Court of Appeals for the Third Circuit has not yet opined on whether the Supreme Court announced a "new right" in Mathis. Several other courts, however, have concluded that there is nothing "new" about Mathis.[1] We

---

[1] See, e.g., Washington v. United States, __ F.3d __, 2017 WL 2979160, at *2 (2d Cir. 2017); United States v. Taylor, 672 F. App'x 860, 864-65 (10th Cir. 2016); In re Lott, 838 F.3d 522, 522-23 (5th Cir. 2016) (citations omitted); Dawkins v. United States, 829 F.3d 549, 550-51 (7th Cir. 2016).

4

agree with the *ratio decidendi* of the courts that have already decided this question. In <u>Mathis</u>, the Supreme Court held that its "precedents make [it] a straightforward case," observing that its prior rulings concerning the Armed Career Criminal Act dictated its conclusion. <u>Mathis</u>, 136 S. Ct. at 2257. The Court essentially stated that its holding was predicated on 25 years of precedent. <u>Id.</u>

## IV. <u>Conclusion</u>

<u>Mathis</u> did not announce a new rule. Therefore, the court is compelled to deny Rivera-Cruz's motion to vacate his sentence as untimely, and we will deny his motion to appoint counsel as moot.

<u>/S/ Christopher C. Conner</u>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     August 10, 2017